UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dustin Lee MacLeod,

        Plaintiff,        Case No. 18-cv-11653

v.                              Judith E. Levy
                               United States District Judge
William Moritz, *et al.*,
                               Mag. Judge Mona K. Majzoub
        Defendants.

_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION [43]**

Before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R") recommending that the Court grant defendants William Moritz, Wade Hamilton, Steve Milford, Scott Whitcomb, Rick McDonald, Greg Drogowski, Eric Botorff, Lori Burford, and Dennis Knapp's motion to dismiss (ECF No. 19) and deny plaintiff Dustin MacLeod's motion for summary judgment (ECF No. 26). The R&R recommends granting defendants' motion to dismiss because the complaint does not state a claim for which relief can be granted. Plaintiff submitted eight objections to the R&R, one of which has two sub-parts (ECF No. 46, 49), and defendants responded. (ECF No. 48.) For the

reasons set forth below, plaintiff's objections are overruled, and the R&R is adopted in full.

I. **Background**

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The Court incorporates the factual background from the R&R as if set forth herein.

II. **Legal Standard**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the

general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, plaintiff's objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

Although most of plaintiff's objections are difficult to comprehend, the Court will construe them liberally and in favor of the self-represented[1] plaintiff.

---

[1] Plaintiff moved for appointment of counsel twice, and both motions were denied. (ECF No. 16, PageID.214; ECF No. 42, PageID.718). Mr. Phil Bellfy, having lost his motion to intervene (ECF No. 42, PageID.716-717), filed a paper purporting to be a notice of appearance of counsel on plaintiff's behalf. (ECF No. 53, PageID.780.) Bellfy then filed a paper entitled "Second Motion to Deny Defendants' Motion to Dismiss and to Schedule Discovery and a Date for Trial," (ECF No. 54 PageID.784) where he states he is "Counsel for Plaintiff." (*Id.* at PageID784, 788.) Mr. Bellfy's filings do not comply with the Eastern District of Michigan Local Rules, specifically E.D.Mich. LR 83.20.

Only persons who are "admitted to practice in a court of record in a state, territory, commonwealth, or possession of the United States… and who is in good standing [are] eligible for admission to the bar of this court…" *Id.* Mr. Bellfy is not admitted to the

## III. Analysis

### A. Objection 1

In his first objection, plaintiff disputes the R&R's finding that he has not stated a claim under 42 U.S.C. § 1983. (ECF No. 49 PageID.760–61.) Plaintiff argues that an 1836 Treaty confers a right to bring an individual case of this nature under § 1983.

For a treaty to create an individual right that is enforceable by a private litigant under § 1983, it must "unambiguously confer[]" the right to do so with "unmistakable" language. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002). The private rights of action created by a treaty cannot be "broad" or "nonspecific." *Westside Mothers v. Olszewski*, 454 F.3d 456, 461 (6th Cir. 2006). Here, there is no specific language in the Treaty conferring the right for an individual to bring an action to enforce its terms. In *United States v. Michigan*, 471 F. Supp. 192, 271–72 (W.D. Mich. 1979), which analyzed the same 1836 Treaty, the court also held that the Treaty did not confer individually enforceable rights on the

---

State Bar of Michigan or the Eastern District of Michigan. He provides a certificate from the Sault Ste. Marie Chippewa Tribal Court, which states that he was admitted and qualified to practice "as a Lay Advocate in Sault Ste. Marie Chippewa Tribal Court," which, on its own, does not confer his admission or authority to practice law (or hold himself out as practicing law) in this Court. Accordingly, plaintiff is treated as a self-represented party in this case.

4

members of the tribe: "[t]he fishing right reserved by the Indians in 1836 and at issue in this case is the communal property of the tribes which signed the treaty and their modern political successors; *it does not belong to the individual tribal members.*" *Id.* (emphasis added); *see also Bellfy v. Creagh*, No. 15-282, 2015 U.S. Dist. LEXIS 114342, at *3 (W.D. Mich. Aug. 28, 2015) ("[W]hile it is true that individual members of the tribes that are parties to the Consent Decree enjoy usufructuary rights– those rights are 'communal property of the tribes which signed the treaty and their modern political successors,' and do 'not belong to individual tribal members.'") (quoting *Michigan*, 471 F. Supp. at 261). The Treaty does not confer a private right of action.

Plaintiff disagrees with the law. In support, he cites to the 1905 case, *United States v. Winans*, 198 U.S. 371, 381 (1905), which states: "Reservations were not of particular parcels of land, and could not be expressed in deeds, as dealings between private individuals. The reservations were in large areas of territory, and the negotiations were with the tribe. They reserved rights, however, to every individual Indian, as though named therein." (ECF No. 49, PageID.761.) *Winans* analyzes an 1859 fishing treaty between the Yakima Nation of Indians in the state

5

of Washington, which is not the same treaty at issue in this case. Plaintiff's argument that *Winans* confers a private right of action in this case is incorrect. Plaintiff's first objection is overruled.

### B. Objection 2

Plaintiff's second objection relates to his allegation that he has "standing as a right of user [sic] in tribal property derived from the legal or equitable property right of the Tribe of which he is a member." (ECF No. 49, PageID.761.) Specifically, it appears plaintiff alleges that he has standing to enforce the terms of a 2007 judicial consent decree between, among others, the United States, the Sault Ste. Marie Tribe of Chippewa Indians, and the State of Michigan, because he is a member of the Sault Ste. Marie Tribe of Chippewa Indians. (ECF No. 26, PageID.509.)

However, the law is well settled that, first, Indian tribal organizations are sovereign entities, and are distinct from the status of their individual members. *See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 514 (1991). And second, third-parties to a consent decree—even those who are the intended third-party beneficiaries—lack standing to enforce a consent decree's terms. "'[A] well-settled line of authority from this Court

6

establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.'" *Aiken v. City of Memphis*, 37 F.3d 1155, 1167 (6th Cir. 1994) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975)).

Plaintiff therefore does not have standing to enforce the 2007 consent decree, even though he is a member of the Sault Ste. Marie Tribe of Chippewa Indians, which was a party to the Decree. Accordingly, plaintiff's second objection is overruled.

### C. Objection 3a

Plaintiff's objection 3(a) is not a proper objection. Plaintiff states that he believes the Magistrate Judge "confused" plaintiff's property interest in the $100 civil infraction fine with his allegation that he has a property interest in the state forest. (ECF No. 49 PageID.761.) However, there is no indication that the Magistrate Judge was confused, and this Court's review leads to the same outcome.

In *Hadix v. Johnson*, 133 F.3d 940 (6th Cir. 1998), the plaintiffs in a class action entered into a consent agreement regarding the conditions of their confinement. *Id.* The plaintiffs challenged certain provisions of

7

the consent judgment on due process and equal protection grounds, which the court did not permit, stating, "[a] consent decree in which the relief is provided subject to future modification cannot create a vested property right in that relief for due process purposes." *Id.* at 943 n.3. (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (injunctions operate prospectively and litigants have no vested rights in them)).

Further, regarding plaintiff's civil infraction fine of $100, a review of the record reveals that plaintiff received adequate procedural due process when he received notice, a hearing, and an appellate process after receiving the fine. Plaintiff's objection is overruled.

### D. Objection 3b

Plaintiff's objection 3(b) appears to address the Magistrate Judge's finding that the facts alleged in plaintiff's amended complaint do not support a substantive due process claim. (ECF No. 49 at 761–62.) Specifically, plaintiff argues that the facts in his amended complaint are "conscience shocking" in the constitutional sense. (*Id.*) However, "conscience shocking" behavior that is actionable under the United States Constitution must involve egregious circumstances. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 850–51 (1998).

8

Plaintiff's objection here, that "[d]amage to religious property and/or the obstruction of persons in the free exercise of their religious beliefs" by its very nature shocks the conscience "of even the most disinterested person," and his cite to 18 U.S.C. § 247, do not meet the legal standard for substantive due process. Therefore, plaintiff's objection 3b is overruled.

**E. Objection 4**

Plaintiff's fourth objection involves his allegation that defendants would not have removed his structures if they had believed the structures were mere brush blinds, but instead targeted the structures because defendants knew they were sweat lodges. (ECF No. 49, PageID.762.) He argues that this "is an issue for the trier of fact to determine." (*Id*.) But this argument is not supported by the facts.

According to the Michigan Hunting Digest rules supplied by defendants,[2] ground blinds must be "constructed exclusively of dead and

---

[2] When a court is presented with a Rule 12(b)(6) motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Treaty of Washington, Inland Consent Decree, 2018 Michigan Hunting Digest, the MDNR State Land Rules referenced in the

9

natural materials found on the ground in the area of the blind" and cannot be "fastened in any permanent manner." (ECF No. 19-8, PageID.4.) They must also be "clearly portable and removed at the end of each day's hunt." (*Id*.) Plaintiff has not pleaded any facts that would indicate that his structures were destroyed because of their religious character. Accordingly, plaintiff's fourth objection is overruled.

**F. Objection 5**

Plaintiff's fifth objection appears to involve his argument that Michigan Department of Natural Resources ("MDNR") State Land Rule 299.222 violates plaintiff's religious practice. On the contrary, the law is settled that, unless that MDNR State Land Rule 229.922 "targets religious conduct for distinctive treatment," it does not violate the law. (ECF No. 49, PageID. 762.) *See Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993). MDNR State Land Rule 299.922 is neutral, generally applicable, and does not even "subtl[y] depart[] from neutrality." *Id*. (quoting *Gillette v. United States*, 401 U.S.

---

defendants' motion to dismiss, and in their joint reply in support of their motion to dismiss, fall within these categories of documents. (ECF Nos. 19-2 – 19-10.)

437, 452 (1971)). Plaintiff's argument is therefore unsupported by the facts or law.

He also argues that the 1836 Treaty of Washington and its attendant Consent Decree is "the Supreme Law of the Land," which supersedes MDNR State Land Rule 299.922. This is an incorrect understanding of the law, and unsupported by any facts. (ECF No. 49 PageID. 762.) Plaintiff's fifth objection is overruled.

### G. Objection 6

Plaintiff's sixth objection regards the R&R's recommendation that the Court dismiss plaintiff's claims for relief under 18 U.S.C. § 241 (criminal conspiracy), § 242 (deprivation of rights under color of law), and § 247 (obstruction of religious exercise). (*See* ECF No. 43, PageID.731.) 18 U.S.C. §§ 241, 242, and 247 are criminal statutes. "[T]he general rule is that a private right of action is not maintainable under a criminal statute." *American Postal Worker's Union AFL–CIO, Detroit Local v. Independent Postal Sys. of America*, 481 F.2d 90, 93 (6th Cir. 1973). "Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these

sanctions." *Id.* (internal quotation marks and citation omitted). "[W]here there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see also Adams v. CitiGroup Global Market Realty Corp.*, No. 11-10178, 2011 U.S. Dist. LEXIS 6402 at *3–4 (E.D. Mich. Jan. 24, 2011). Plaintiff cannot privately enforce a criminal statute through this civil action. Accordingly, his sixth objection is overruled.

### H. Objection 7

Plaintiff's seventh objection regards the Magistrate Judge's recommendation that plaintiff does not have the type of cognizable ownership interest in the state forest land that would be required for the Religious Land Use and Institutionalized Persons Act ("RLUIPA") to apply. (ECF No. 49 PageID.763.) Plaintiff again cites to *Winans*, 198 U.S. 371, which was decided in 1905 and is inapplicable to a statute enacted nearly 100 years later.

Section 3 of RLUIPA, 42 U.S.C. § 2000cc-1(a)(1), provides in part:

> No government shall impose or implement a land use regulation in a manner that imposes a substantial

> burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution--
> (A) is in furtherance of a compelling governmental interest; and
> (B) is the least restrictive means of furthering that compelling governmental interest.

Although RLUIPA protects individuals in their religious exercise, the statute's language indicates that it is not intended to operate as "an outright exemption from land-use regulations." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 737 (6th Cir. 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d at 752, 762 (7th Cir. 2003)).

Here, plaintiff believes that MDNR State Land Rule 299.922 is a land use regulation—a "zoning or landmarking law"—that infringes on his use of state land. However, as set forth above, MDNR State Land Rule is neutral, generally applicable, and does not even "subtl[y] depart[] from neutrality." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993). It does not impose a substantial burden under RULIPA. Accordingly, plaintiff's seventh objection is overruled.

### I. Objection 8

Plaintiff's eighth objection is not a proper objection. Plaintiff objects to the word "if" in the R&R, where it states, "*If* the Court adopts the recommendation to dismiss all of Plaintiff's federal-law claims." (ECF No. 49, PageID. 763 (emphasis added).) The objection is not a cognizable objection under Federal Rule Civil Procedure 72(b)(1)–(3), even when liberally construed, and it is overruled.

## IV.     Conclusion

The Court agrees with the analysis and recommendation set forth in the R&R. Accordingly:

The Report and Recommendation (ECF No. 43) is **ADOPTED**;

Defendants' motion to dismiss (ECF No. 19) is **GRANTED;** and

Plaintiff's motion for summary judgment (ECF No. 26) is **DENIED**.

Furthermore, since the R&R is adopted in full, the case is dismissed in full and plaintiff's and Mr. Bellfy's remaining unresolved motions on the docket (ECF Nos. 44, 51, and 54) are **DENIED** as moot.

IT IS SO ORDERED.

Dated: July 15, 2019          s/Judith E. Levy
   Ann Arbor, Michigan          JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2019.

s/Shawna Burns<br>
SHAWNA BURNS<br>
Case Manager